IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 15-119-4 |
| LAVELL CARTER | : | |
| | : | |

McHUGH, J.                                                                                         November 23, 2020

## MEMORANDUM

Defendant Lavell Carter engaged in a home invasion robbery where he brandished a firearm and participated in physically restraining two victims who were threatened with violence. He pleaded guilty to Hobbs Act Robbery and brandishing a firearm in connection with a crime of violence. He now seeks a sentence reduction on two grounds.

First, he suggests that the Court did not fully understand the range of sentences available. He correctly notes that although his case called for a consecutive sentence, it was within my power to impose a nominal sentence of one month to run before the consecutive mandatory minimum sentence required by law, citing *United States v. Dean.* 556 U.S. 568 (2009). In fact, the Court was fully aware of its discretionary authority and invoked that discretion to impose a significant downward variance. Mr. Carter's Guideline range was 154-171 months. The sentence imposed was 108 months, taking into account the fact that Mr. Carter was the youngest person involved, and was strongly influenced by the most culpable participant in the crime. The Court further recognized that Mr. Carter's difficult childhood made him vulnerable to negative

influences.  No error was committed, and given the nature of the crime, the variance adopted was generous.

Second, Mr. Carter cites generally to the COVID pandemic, and further cites to two family circumstances as warranting early release.  He refers to the need for his son to be in day care while the child's mother works, and to the fact that an uncle has unfortunately lost his eyesight.  I will treat this aspect of the motion as one for compassionate release under 18 U.S.C. § 3582.  To prevail, Mr. Carter would need to show "extraordinary and compelling reasons." §3582 (c)(1)(A) (i).

Other than a general reference to COVID, Mr. Carter does not contend that he is at risk.  As to his family situation, many if not most American children are in day care because of a parent's need to work, and like Mr. Carter most parents would prefer that they could spend time with their child.  Finally, although Mr. Carter's concern for his uncle is admirable, he falls far short of the kind of compelling showing he would need to justify release.

For these reasons, the motion will be denied.

s/    Gerald Austin McHugh
United States District Judge
